Oldham J. This case presents but one question. By the record it appears that Chambers Etter, being the owner of the land in controversy, employed Spence and Mathews, who were carpenters, to furnish materials, and work upon a house, upon the land. After furnishing the materials and performing the work, and before Etter’s title to the land became incumbered in any respect whatever, and within the time limited by law for that purpose, they filed with the Clerk of Hempstead county, a just and true account of the amount due them, verified by their affidavit; the affidavit containing a correct description of the property, to be charged With their lien. The Clerk filed the account and affidavit in his office, and made an abstract therefrom upon his judgment docket. They then instituted an action of assiunpsit on their account against Chambers Etter, in the Circuit Court of Hempstead county, and at the April term, 1841, obtained judgment thereon. After obtaining judgment, at the same term, upon their motion, execution was ordered by the court, to be issued against the specific property, to be charged by the lien. The lien was filed on the 25th February, 1841. On the 19th March, 1841, Chambers Etter executed to William H. Etter a deed of mortgage upon the same land, to secure the pay - rnent of the money therein mentioned, which was acknowledged and filed for record on the same day. The question presented to this court, is, whether the mortgage of William H. Etter, or the title acquired under execution upon the judgment of Spence and Mathews, is paramount. Up to the time of the bringing of their action of assumpsit, the steps taken by Spence and Mathews for the purpose of enforcing their lien were literally in compliance with the act of the legislature upon the subject. See Rev. St. ch. 96, and no exceptions are taken to the proceedings up to that stage. But it is insisted by the appel-lee that by bringing an action of assumpsit without referring to the lien in the declaration, they did not pursue, but abandoned the lien. The 5th sec. of the act above referred to, provides that “whenever any person shall wish to proceed against any property, upon which he shall have a lien by virtue of this act, he may commence his suit in the ordinary form, and shall have judgment against the original debtor for the amount that may be found due him, and shall have the liberty of taking his execution against such proportional part of the property charged with such lien, as his demand bears to the whole amount of the liens that are charged upon such property, &c.” The action of assumpsit was the appropriate action in the case. The ordinary form was adopted, and in that respect the requisition of the Statute was fully complied with. A reference in the declaration we deem not at all essential, and its omission cannot be construed into a waiver of the legal right of the creditor. Nor is the objection that the. court ordered execution to issue against the specific property charged with the lien without notice, tenable. The remedy given by the Statute is two-fold: “first, the party may bring an ordinary suit against the debtor, and after judgment have execution against the property charged, and then against his other effects; or, secondly, he may proceed against the original debtor, and against every other person owning or claiming possession of the property, by fiere facias” Brown v. Morrison & Sullivan, 5 Ark. Rep. 217. The first mode was adopted in the present case. The filing of the account and affidavit in the Clerk’s office, and an abstract thereof being entered upon the judgment docket, operated as constructive notice to the debtor of the claim of the creditor to a lien upon the specific property. The lien, however, could not have been enforced without additional notice by summons, in an ordinary suit at law, or by scire facias. This notice the defendant had, by which he might have appeared in court and resisted the demand, or shown irregularity in filing and establishing the lien, and resisted the motion for execution against the property charged. When the defendant did not own or possess the property at the time the contract was made for such work, labor, or materials, &c., execution cannot issue against the property charged with such lien, unless a scire facias shall have first issued and been served upon the owner or possessor of such property, requiring him to appear, and show cause why judgment should not be entered up, and execution had against such property, Rev. St. ch. 96, sec. 6. It is admitted by the record that Chambers Etter did own the property at the time of making the contract, and that the right of William H. Etter accrued after the making of the contract, furnishing the materials, and performance of the work. At the time the account and affidavit were filed for the purpose of establishing the lien, the property was free of all incumbrance, either by judgment, mortgage, or otherwise. The title acquired by Wm. H. Etter, under the mortgage to him, was subject to existing incumbrances. The mechanic’s lien of Spence and Mathews was then of record. The records of the clerk’s office were subject to his examination; it is to be presumed that he examined diem, to see whether the property was incumbered, and if he did not, it was his own fault. The filing the account and affidavit, and entering an abstract upon the judgment docket, operated as legal notice to all persons; and rights or title to the property subsequently acquired from Chambers Etter, must be held subject to the prior lien. The Circuit Court in Chancery erred in decreeing the' mortgage of William H. Etter, paramount to the title acquired under the execution sale in favor of Spence and Mathews. Decree reversed.